UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOSHUA R. GILLEY, | ) |
| Petitioner, | ) |
| v. | ) No. 4:23-cv-00342-SRC |
| ANNE L. PRECYTHE, et al., | ) |
| Respondents. | ) |

## Memorandum and Order

This matter is before the Court on self-represented petitioner Joshua R. Gilley's petition for writ of habeas corpus under 28 U.S.C. § 2241. Doc. 1. Because the Court finds that Gilley's claim is not cognizable in a federal habeas proceeding, the Court dismisses the petition.

**I.   Standard on Initial Review**

On initial review, the court may summarily dismiss a § 2241 petition without ordering a response if "it appears from the application [for a writ of habeas corpus] that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. For the reasons discussed below, summary dismissal is appropriate in this case.

**II.   Background**

On December 12, 2017, Gilley, "a 260-pound, semi-professional, mixed martial arts fighter, was arrested for assault after a disturbance." *State v. Gilley*, 613 S.W.3d 108, 109 (Mo. Ct. App. 2020). During transport to the jail, Gilley became hysterical and "began slamming his head against the glass in the back of the patrol car and explained that he wanted to hurt the arresting officer. He clenched his teeth and started wrenching the back of his hands as if to break free from the handcuffs." *Id.*

At the jail, while booking officers were attempting to return Gilley to a holdover cell, he punched an officer in the face with his left fist. *Id.* "The victim fell to the ground and received severe injuries, which caused permanent and serious damage," including an orbital fracture, a nasal fracture, and blood vessel damage. *Id.*; *id.* at n.2. The victim required surgery to have a steel plate inserted into his face. *Id.* at n.2. Gilley was charged with assault in the second degree. *Id*.

Gilley opted for a bench trial. On December 12, 2019, the Circuit Court of Greene County found movant guilty to class B felony assault in the second degree, as the victim was a special victim.[1] On February 28, 2020, the Court sentenced Gilley to eight years in MDOC "to run concurrent with any existing." *State v. Gilley*, No.1761-CR07915-01(Greene Cty. Feb. 28, 2020). Plaintiff appealed his criminal conviction, and on January 5, 2021, the Missouri Court of Appeals affirmed the conviction. *State v. Gilley*, 613 S.W.3d at 110.

On April 5, 2021, Gilley filed in state court a motion to vacate, set aside, or correct the sentence under Missouri Supreme Court Rule 29.15. *Gilley v. State*, No. 2131-CC00366 (Greene Cty. Apr. 5, 2021). After the court appointed counsel to represent him, Gilley filed a motion to voluntarily dismiss, which the court granted on November 9, 2021.

On July 24, 2021, while incarcerated at Eastern Reception, Diagnostic and Correctional Center ("ERDCC"), Gilley struck a fellow inmate with a weighted sock. *State v. Gilley*, 22PI-CR00217 (Pike Cty. Nov. 21, 2022). On November 21, 2022, Gilley entered a plea of guilty to the class E felony of assault in the third degree. *Id.* The state court sentenced him to four years

---

[1] On October 31, 2019, Gilley filed a civil action under 42 U.S.C. § 1983 against the Springfield Police Department and the officers associated with his arrest. *See Gilley v. Springfield Police Dep't*, No. 1931-CC01325. On December 17, 2019 the state court granted defendants' motion and dismissed the case without prejudice because Gilley had been found guilty after trial before the court of the class B felony of assault in the second degree.

2

at MDOC. *Id*. The judgement does not state that the sentence shall run concurrently with any other sentence. *See id.* The judgment specifically directs the court to consider whether Gilley shall receive credit toward his sentence for "time spent in prison, jail, or custody after the offense occurred and before conviction." *Id.* The Judge did not enter any days to be credited toward Gilley's time. *Id.*

On January 17, 2023, Gilley filed a motion to set aside or correct the judgment or sentence under Missouri Supreme Court Rule 29.15 in the Circuit Court of Pike County, Missouri. The court appointed the public defender to represent movant in this post-conviction action. The matter has not been fully briefed, and it is set for a case review on July 11, 2023. *See Gilley v. State*, No. 23PI-CC00010 (Pike Cty. Jan. 17, 2023).

### III.    Discussion

Gilley, currently incarcerated at ERDCC, has filed this petition pursuant to 28 U.S.C. § 2241, challenging the MDOC's appropriation of jail time credits to his sentence under Missouri Revised Statute § 558.031. In his motion, Gilley states that he is entitled to 486 days of jail time credit arising out of the MDOC's miscalculation of his sentences in two state court criminal cases, *State v. Gilley*, No. 1731-CR07915-01 (Greene Cty. filed Mar. 5, 2018), and *State v. Gilley*, No. 22PI-CR00217 (Pike Cty. filed May 20, 2022). More specifically, Gilley asserts that the time he served between July 24, 2021, when he struck his fellow inmate with a weighted sock, and November 21, 2022, when the Court sentenced him for this crime, should count toward his four-year sentence. He seeks to have this time credited as time served.

A federal court does not have jurisdiction to issue a writ of habeas corpus to a person in state custody unless the inmate "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Having carefully reviewed the petition and the underlying record, the Court concludes that Gilley's claim is not cognizable in a federal habeas

3

proceeding because it requires consideration of Missouri's jail time credit statutory provisions, Missouri Revised Statute § 538.031. *See Travis v. Lockhart*, 925 F.2d 1095, 1097 (8th Cir. 1991) (finding petitioner's claim for jail time credit under a state statute was "a matter of state concern and not a proper function of a federal court under its habeas corpus jurisdiction" (citing *Harkins v. Wyrick*, 589 F.2d 387, 391 (8th Cir. 1979)); *see also Collar v. Minor*, No. 4:12-CV-00602-TCM, 2015 WL 2145254, at *4 (E.D. Mo. May 7, 2015) (finding petitioner's claim for jail time credit under Mo. Rev. Stat. § 558.031 not cognizable in a federal habeas proceeding).

The instant petition challenges how the MDOC calculates Gilley's jail time credit under Missouri Revised Statute § 558.031. Movant also alleges his state court sentence is invalid because it is beyond the statutory maximum of five years. He states that if he serves his four-year sentence and does not get jail time credit for July 24, 2021 to November 21, 2022, he is serving an "actual sentence length of 5.5 years." This argument is again one about jail time credits, which is not cognizable in a federal habeas proceeding. In sum, Gilley's petition raises only matters of state concern.

IV.    **Conclusion**

For the reasons stated above, the Court dismisses Gilley's [1] Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241. The court denies as moot Gilley's [4] Motion to Appoint Counsel. The Court does not issue a certificate of appealability. A separate Order of Dismissal accompanies this Memorandum and Order.

So Ordered this 21st day of June 2023.

_SLR. CC_
STEPHEN R. CLARK
CHIEF UNITED STATES DISTRICT JUDGE

4